## WARD v. MISSOURI, K. & O. RY. CO.

No. 6602—Opinion Filed May 2, 1916.
Rehearing Denied May 23, 1916.
(157 Pac. 775.)

### Subscriptions—Requisites—Consideration.

A promissory note given to a railroad company to aid in its construction and as an inducement to the building thereof, and due and payable when such road is completed and in operation, is based upon sufficient consideration, and is not void or against public policy.

(Syllabus by Day, C.)

Error from District Court, Logan County; Wm. M. Bowles, Assigned Judge.

Action by the Missouri, Kansas & Oklahoma Railway Company against Julius Ward. Judgment for plaintiff, and defendant brings error. Affirmed.

T. C. Whitely and Tibbetts & Green, for plaintiff in error.

Clifford L. Jackson and C. G. Hornor, for defendant in error.

Opinion by DAY, C. Plaintiff in error was defendant, and defendant in error plaintiff, in the trial court, and hereinafter will be referred to as appearing there.

The Missouri, Kansas & Oklahoma Railway Company instituted this action against Julius Ward to recover upon two bonus notes given to aid in the construction of its road and as an inducement to the building thereof. The notes were executed in March, 1902, and contained a provision for the completion of the road within 18 months. This time was extended by agreement indorsed on the back as follows:

"In consideration of agreement by Missouri, Kansas & Oklahoma Railway Company to construct and operate the within mentioned road this note is made payable at any time such road is completed and in operation on or before April 10, 1904.          Julius Ward."

At the trial defendant contended that the notes were without consideration and void on the grounds of public policy. Plaintiff introduced in evidence the notes, and oral evidence showing the road was constructed in accordance with the contract. There being no dispute as to the facts, it was stipulated that the notes sued on were given as above stated, and that the road was constructed as agreed upon in the contract, and that there was no other consideration for the notes.

The defendant demurred to the evidence, which was by the court overruled, and he elected to stand upon his demurrer, and judgment was rendered against him, from which this appeal is prosecuted.

The only question involved herein is whether notes of this character are based upon sufficient consideration, and are void upon the grounds of public policy. This is no longer an open question in this state. This court has repeatedly held that an obligation given to a railroad company to aid in its construction and as an inducement to the building thereof, and due and payable when such road is completed and in operation, is based upon sufficient consideration, and is not void or against public policy. Piper v. Townsite Co., 16 Okla. 436, 85 Pac. 965; McGuffin v. Coyle, 16 Okla. 648, 85 Pac. 954, 86 Pac. 962, 6 L. R. A. (N. S.) 524; Guthrie & Western Ry. Co. v. Rhodes, 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490: Guss v. Federal Trust Co., 19 Okla. 138, 91 Pac. 1045; Cooper v. Ft. S. &. W. Ry. Co., 23 Okla. 139, 99 Pac. 785; Cobb v. Kenefick Company, 23 Okla. 440, 100

Pac. 545; Southard v. Railway Co., 24 Okla. 408, 103 Pac. 750.

Finding no error, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.