Purcell Mill & Elevator Co. v. Canadian Valley Const. Co.

# PURCELL MILL & ELEVATOR CO. v. CANADIAN VALLEY CONST. CO.

No. 7151.   Opinion Filed October 10, 1916.

( 160 Pac. 485.)

1.   **BILLS AND NOTES — Legality of Consideration — Railroad Bonus Notes.** A note given to a construction company made and delivered in the Indian Territory, to aid in the construction of a line of railroad into a certain town, on condition that said road be completed and in operation into said place by a date specified in said note, is not illegal or against public policy.

2.   **SAME.** Such note may be accepted and enforced by the construction company even though it be engaged in the construction of said road at the time the note was executed and delivered, and payment thereof cannot be defeated on the plea of want of consideration.

3.   **PARTIES—Change of Parties—Transfer of Interest.** Where the interest of a party in the subject-matter of an action is transferred, it is not error for the court to permit the person to whom such interest is transferred to be substituted for the original party to the action.

4.   **BILLS AND NOTES—Action—Parties—Transfer of Railroad Bonus Notes.** Where a bonus note to aid in the construction of a line of railroad was executed and delivered to a construction company, and said line of railroad was completed by the construction company according to the conditions of said note, and thereafter the construction company was placed in the hands of a receiver, who, upon order of the court in which such receivership proceedings were pending, assigned and delivered said note to the receiver of the railway company, and thereafter by order of the court the assets of the railway company, including said bonus note, were sold to one Q., who purchased on behalf of, and afterwards conveyed and delivered to, plaintiff railroad company, which sale was confirmed by the court ordering same, **held,** that plaintiff railroad company was entitled to maintain an action on said note.

5.   **APPEAL AND ERROR—Briefs—Requisites.** Assignments of error based upon the admission of testimony will not be considered, where the full substance of the testimony the admission of

which is complained of, with the specific objections thereto, is not set out in the briefs of plaintiff in error in compliance with rule 25 of this court (38 Okla. x, 137 Pac. xi).

(Syllabus by the Court.)

*Error from District Court, McClain County;*

*R. McMillan, Judge.*

Action by the Canadian Valley Construction Company against the Purcell Mill & Elevator Company. The Oklahoma Central Railroad Company was substituted as plaintiff. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. W. Hocker*, for plaintiff in error.

*J. B. Dudley,* for defendant in error.

HARDY, J. The Canadian Valley Construction Company, a corporation, which will be hereinafter referred to as the "construction company," commenced this action in the district court of McClain county, against the Purcell Mill & Elevator Company, a corporation, hereinafter referred to as the "defendant," to recover upon a certain bonus note executed and delivered to it by defendant on January 15, 1906, in words and figures as follows:.

"182            PURCELL, I. T. Jany. 15, 1906.

"In consideration of the Canadian Valley Construction Company building, or causing to be built from or near Lehigh, Indian Territory, into the city of Purcell, Indian Territory, a standard guage railroad, I hereby promise to pay to said Canadian Valley Construction Company, or its assigns, as soon as said railroad is built into Purcell, the sum of two thousand and no one hundredths dollars.

"Unless said road is constructed and operated into Purcell, I. T., on or before June 1, 1907, this obligation of payment to be void.

"THE PURCELL MILL & ELE. CO.

"By C. J. WOLAVER, MGR."

Thereafter the Oklahoma Central Railroad Company was substituted as plaintiff, and upon trial recovered judgment against defendant for the amount due upon said bonus note, and defendant prosecutes error.

The note is said to be void because the giving thereof was against public policy. Having been executed and delivered in the Indian Territory, prior to statehood, its validity must be determined by the laws in force in that jurisdiction at the time of its execution. The note by its terms was made payable to the construction company in consideration of said company building, or causing to be built, from or near Lehigh, into the city of Purcell, a standard guage railroad. The railroad was built by the construction company under a contract with the Oklahoma Central Railroad Company, and was completed and in operation between Lehigh and Purcell by the time specified in said note. The construction company borrowed money, using the note as collateral, and used same in the construction of said railroad, and it is shown that no officer or stockholder of the company received any personal benefit therefrom, nor was the road deflected from the original survey; and the trial court found that said note was executed for a valuable consideration and without any fraud or misrepresentation upon the part of the original payee, and that the terms and conditions of said note were fully complied with.

In *Farrington v. Stuckey*, 7 Ind. T. 364, 104 S. W. 647, the Court of Appeals of the Indian Territory held valid a note of the character here involved, and in the syllabus of that case it is said:

"A contract of a railroad company to construct its railroad through a town in consideration of a bonus is not void as against public policy, so as to render the note given for the bonus unenforceable."

In the opinion by Mr. Justice Townsend, it was said:

"If this bonus was contributed to the William Kenefick Company, who were constructing this road, or the railroad company, in order to get a road constructed through the town of Henryetta, and the same was an open transaction, free from any corrupt purpose on the part of the stockholders, officers, or agents of said railroad company, and that in pursuance of said bonus so provided said road was constructed according to the terms of the contract, why should the same not be upheld and be a valid and binding contract upon appellant and other parties so contracting?"

This case was appealed to the Circuit Court of Appeals for the Eighth Circuit, and was there affirmed, in *Farrington v. Stuckey,* 165 Fed. 325, 91 C. C. A. 311, where it was said in the syllabus:

"A voluntary contract by individuals for the payment to a railroad company of a bonus to secure the construction of its line on a particular route is not illegal or against public policy, even though the line is thereby deflected from its most natural and cheapest route."

In the opinion it is said:

"If the construction company was a mere agency devised and employed by the railroad company for the construction of its line, and in soliciting and receiving the bonus the former was acting on behalf of the latter, we are clearly of the opinion that the transaction was valid."

The same question was involved in *Cobb v. William Kenefick Co.,* 23 Okla. 440, 100 Pac. 545. After citing *Farrington v. Stuckey,* and quoting from the opinion both of the Court of Appeals of the Indian Territory and of the Circuit Court of Appeals for the Eighth Circuit, this court said:

"In other words, as will be seen from the quotation just made, if the evidence in this case on the trial shows that the William Kenefick Company was a principal in the

building of this railway, constructing it as is conceded with its own funds, and had the right within itself to place the location as in its judgment was wise, or if the bonus in fact went to the railroad company or to both, if all parties were fully apprised of it and the same was, as is said by Judge Townsend, 'an open transaction free from corrupt purpose on the part of the stockholders, officers, or agents of said railroad company,' then there is no reason why the contract made with it to secure the location of the road at Wagoner was not valid and enforceable."

The note in question, being free from fraud or misrepresentation in the procurement thereof and being given to aid in the construction of said railroad, was not void as against public policy.

Neither can the objection that said contract is unilateral and unenforceable be sustained. A note of this character, given in aid of the construction of a line of railroad on condition that the road be built to a certain point or completed by a certain date, may be enforced when said railroad is completed according to the stipulations in said note, in the absence of fraud in the procurement thereof or circumstances that would make the same contrary to public policy. *Piper v. Choctaw N. T. & I. Co.,* 16 Okla. 436, 85 Pac. 965; *Guss v. Fed. Trust Co.,* 19 Okla. 138, 91 Pac. 1045; *Guthrie & Western Ry. Co. v. Rhodes,* 19 Okla. 21, 91 Pac. 1119, 21 L. R. A. (N. S.) 490; *Cooper v. Ft. S. & W. Ry. Co.,* 23 Okla. 139, 99 Pac. 785; *Southard v. A., V. & W. Ry. Co.,* 24 Okla. 408, 103 Pac. 750; *Cobb v. Wm. Kenefick Co.,* 23 Okla. 440, 100 Pac. 545; *Ward v. M., K. & O. Ry. Co.,* 59 Okla. —, 157 Pac. 775.

Neither can it be maintained that the contract is wholly without consideration, in that the construction company was already under obligation to build said line of railroad to the city of Purcell. Admitting this to be true

would not defeat plaintiff's right to recover.   The purpose of executing said note was to aid in the construction of said railroad, and the fact that the company contemplated building its line into Purcell did not prevent it from accepting contributions from citizens along the proposed route to aid in the construction thereof.   In addition, it was a condition of said note that the railroad be completed into Purcell and in operation by a certain time named therein, and this condition was complied with.

In *Piper v. Choctaw N. T. & I. Co.,* 16 Okla. 436, 85 Pac. 965, in an action upon a similar note, it was said:

"The first objection urged is that the trial court erred in overruling defendant's demurrer to plaintiff's amended petition, and this for the reason that it averred the railroad mentioned in the contract was in process of construction at the time the contract was executed, and therefrom infers a variance between the contract and the terms of the petition.   We find nothing in the contract which determines whether the railroad was then in process of construction or was not.   Neither are we able to say how the defendant could be prejudiced by the fact that the railroad, which he undertakes to aid in the construction of, was already in process of building."

And again, in *Guss v. Federal Trust Co.,* 19 Okla. 138, 91 Pac. 1045, where a similar objection was made to the collection of a note of like character, the court said:

"It is also contended by appellant in his brief, as well as alleged in his pleading, that there was no consideration for the note in question, for the reason that the railroad company had concluded to build the line to Guthrie before the proposition was made by the company's officials that it would do so if the citizens of Guthrie would give notes of the value of $50,000.   Even if this were true, it would not defeat recovery, unless representations were made which deceived the appellant, and without which representations he would not have given the note in controversy.

We have read appellant's evidence carefully, and are fully satisfied that he was not deceived. In fact, he does not claim that he was deceived."

The uncontroverted evidence shows that the railroad was in fact built by the construction company, and operated by it, and that before it was delivered to the railway company both the construction company and the railway company were placed in the hands of a receiver. There is no merit in the contention that plaintiff is not entitled to recover because the road was built by the railroad company instead of the construction company.

It is also urged that plaintiff Oklahoma Central Railroad Company is not entitled to prosecute this suit, for the reason it is incapable in law of taking title to and enforcing payment of a promissory note. The trial court found that plaintiff was the owner of the note in suit, and the evidence clearly supports this finding. The construction company was placed in the hands of a receiver, as was also the Oklahoma Central Railroad Company, for which it was constructing the road, and by order of the United States District Court for the Eastern District of Oklahoma, in which court said receivership proceedings were pending, the receiver of the construction company was ordered to assign and deliver to the receiver of the railroad company said note, which he did. Thereafter an order was made by said United States court directing a sale of all the assets of the Oklahoma Central Railroad Company, and on July 31, 1914, pursuant to said order, all the assets of the Oklahoma Central Railroad Company, including said note, were sold to one Francis X. Quinn, which sale was confirmed by said court.

The purchase by Quinn was for and on behalf of the plaintiff Oklahoma Central Railroad Company, and the property so purchased was conveyed to plaintiff.

We are not cited to any statute or decision which would prevent the plaintiff acquiring said note and enforcing collection thereof under the circumstances disclosed by the evidence, nor do we know of any; and, in the absence of a controlling statute or a decision announcing such a rule of law, we are unable to see how defendant can urge this question or be prejudiced by allowing plaintiff to maintain the action. Under section 4695, Rev. Laws 1910, where the interest of a party or parties in the subject-matter of a pending suit are transferred, it is proper for the court to permit the person to whom said interest is transferred to be substituted for the original party to the action, or the action may be continued in the name of the original party; and the court committed no error in permitting plaintiff to be substituted in lieu of the construction company. *Anderson v. Ferguson et al.*, 12 Okla. 307, 71 Pac. 225.

There are many assignments of error based upon the admission of evidence, but defendant's brief fails to comply with rule 25 of this court (38 Okla. x, 137 Pac. xi), requiring the full substance of the testimony to be set out therein, with the specific objection thereto, and we will not consider these assignments. *Avants v. Bruner*, 39 Okla. 730, 136 Pac. 593; *New Vinita Hdw. Co. v. Porter*, 45 Okla. 470, 146 Pac. 14.

The judgment is affirmed.

All the Justices concur, except SHARP, J., disqualified.