### PICKENS et al. v. GAY.

No. 13331—Opinion Filed March 2, 1926.

Rehearing Denied Sept. 21, 1926.

(Syllabus.)

1. **Indians—Attorney's Contract for Interest in Full-Blood's Inherited Allotment— Validity Upon Approval by County Court.**

A contract between an attorney and a full-blood Choctaw Indian, conveying to said attorney an interest in the allotment of a deceased member of the Choctaw Tribe of Indians inherited by said full-blood Indian and duly and legally approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee, in the absence of fraud, is binding and enforceable.

2. **Same—Judgment for Attorney's Fee— Lien Upon Inherited Land Improper Unless Approved by County Court.**

A judgment for services rendered a full-blood Indian heir of a deceased allottee of the Choctaw Tribe of Indians, the same being a money judgment, cannot be declared a lien on the inherited lands of said heir, unless said lien is specifically provided for in a contract or other conveyance approved by the county court having jurisdiction of the

settlement of the estate of deceased allottee.

Appeal from District Court, Carter County; Thomas W. Champion, Judge.

Action by Kent V. Gay against Malinda Pickens and Woodson Lewis. Judgment for plaintiff. Defendants appeal. Modified and affirmed.

G. G. McVay and J. H. Finley, for plaintiffs in error.

Sam H. Butler, for defendant in error.

CLARK, J. This action was commenced by the defendant in error, as plaintiff, in the district court of Carter county, Okla., against plaintiffs in error, as de.endants, upon a contract of employment, dated June 8, 1917, entered into by and between the plaintiff below and Malinda Pickens, one of the defendants.

The contract recites that one Frances Bell died in Pittsburg county on the 12th day of January, 1917. That at the time of her death she was seized and possessed of certain real estate described in said contract, and that Malinda Pickens was the sole and surviving heir at law of the said Frances Bell, and that one Salina Lewis was laying claim to and endeavoring to secure an undivided one-half interest in and to the said estate of Frances Bell. The contract provided that 50 per cent. of all property and sums of money in excess of one-half interest, and all rents and profits derived therefrom, should be paid to plaintiff below, defendant in error, as his compensation for representing said Malinda Pickens, and in event no property was recovered through the efforts of said plaintiff, then he was to receive no further compensation.

The contract further provided that, should plaintiff, defendant in error, secure possession of and establish title in Malinda Pickens in and to said contested one-half interest in said property and rents and profits therefrom, he should be entitled to and receive 50 per cent. of all said property recovered.

This contract was approved by the county court of Pittsburg county, Okla., and it was agreed that said court had jurisdiction of the settlement of the estate of Frances Bell, deceased.

The answer of the defendant Woodson Lewis joined with the plaintiff in his prayer that the lands be partitioned. The answer of defendant Malinda Pickens constituted a general denial and the allegation that she was the owner of an undivided three-fourths interest in the estate of Frances Bell, and that

Woodson Lewis was the owner of an undivided one-fourth interest in said estate.

The cause was tried to the court without the intervention of a jury, and at the conclusion of the trial the court made findings of fact and conclusions of law and rendered judgment in favor of the plaintiff for an undivided one-eighth interest in the lands of Frances Bell, deceased, and a money judgment in the sum of $3,052.65, and ordered a partition of the lands in question.

A motion for a new trial was filed and overruled, and Malinda Pickens brings this cause here for review.

Plaintiff in error presents seven assignments of error. The fourth assignment is as follows:

"The court erred in its findings of fact and conclusions of law, the same being contrary to the law and the evidence."

This assignment goes to the heart of the whole case. It is the contention of the plaintiff in error that the land allotted to Frances Bell and inherited by Malinda Pickens was restricted land, and that the rents and royalties therefrom were restricted funds in the hands of the Department of the Interior and under the supervision of the Secretary of the Interior, and could not be assigned to the plaintiff.

With this contention we cannot agree. It is true that Malinda Pickens' interest in the lands was restricted, subject to the approval of the county court having jurisdiction of the settlement of the estate of Frances Bell. The approval of the contract in question by the county court of Pittsburg county conveyed to the plaintiff below, defendant in error, an interest in the lands of Frances Bell, for performing certain legal services for and in behalf of Malinda Pickens. He was to recover for Malinda Pickens a one-half interest in said lands, and the court in its findings of fact found that due to the efforts of said Kent v. Gay, the said Malinda Pickens recovered a two-eighth interest in the lands of Frances Bell, deceased, and that one-eighth of the same should go to the plaintiff, Kent V. Gay. In this finding of fact and conclusion of law, we think the court was correct.

It is contended by plaintiffs in error that upon the death of Salina Lewis, Malinda Pickens changed her theory of the heirship and appeared and claimed an interest in the Salina Lewis estate as a sister of Salina Lewis, and that Kent V. Gay represented her in that controversy. And for that reason plaintiffs in error contend that he aband-

onded his contract for services. With this we cannot agree. The plaintiff had a right to change her theory of the case. If she was a sister of Salina Lewis and induced her attorney to represent her in the will contest, whereby she secured a part of the estate of Salina Lewis, and at the trial of that lawsuit secured a one-fourth interest in the estate of Frances Bell, she could not deprive her attorney of the compensation agreed on. An attorney must be guided by his client's wishes and follow his client's theory of the case.

We, therefore, conclude that the court did not err in its finding that the contract between Malinda Pickens and Kent V. Gay, relating to the lands of Salina Lewis, had no bearing in this case.

The court further found that there was in the hands of the Department of the Interior $12,210.60 to the credit of the estate, or heirs, of Frances Bell, and that $6,105.30 of said amount belonged to Malinda Pickens, and was recovered for her through efforts and services rendered by Kent V. Gay, defendant in error. This finding of fact and conclusion of law are amply supported by the evidence, and the court did not err in rendering judgment in favor of the plaintiff in the sum of $3,052.65.

The court rendered a further judgment giving Kent V. Gay a lien on the lands in controversy belonging to Malinda Pickens, or her interest therein, for the payment of the said $3,052.65. In this we think the court was in error. The court had no authority to create a lien on the lands inherited by Malinda Pickens, unless said lien had been specifically provided for in the contract approved by the county court of Pittsburg county. The only suggestion of a lien in the contract reads as follows:

"And that the services so first rendered shall be a lien upon the subject of said controversy in favor of the first party and associate counsel."

This contract would be insufficient to authorize the district court of Carter county to make said judgment a lien on the inherited lands of Malinda Pickens.

The judgment of the trial court is erroneous in declaring a lien, and the same should be set aside. With this correction, the judgment of the trial court is affirmed.

NICHOLSON. C. J., and HARRISON, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 31 C. J. p. 524 §96 (Anno).