## WHITNEY v. SCHWABACHER

No. 19582. Opinion Filed May 5, 1931.

W. C. Wood, for plaintiff in error.

Willmott, Roberts & Looney and H. Grady Ross, for defendant in error.

HEFNER, J. This action was brought in the district court of Seminole county by L. H. Schwabacher against C. H. Aldridge, Lucy Aldridge, E. W. Whitney, and others to recover on a promissory note and to foreclose a real estate mortgage given to secure the same. The note and mortgage were executed by defendants Aldridge to the American Investment Company and by it sold and transferred to the plaintiff herein. Defendant Whitney claimed an interest in the premises by virtue of an attorney's lien and a deed

from one Jonas Benden. The other defendants made no defense. The trial court rendered judgment in favor of plaintiff and denied Whitney's claim. Whitney appeals and contends that the judgment is contrary to law and not supported by the evidence.

The premises were allotted to Liddy Benden, nee Mitchell, a full-blood Seminole Indian. Upon her death, her husband, Jonas Benden, a full-blood Creek Indian, claimed a ⅓ interest in the premises as an heir of his wife, and brought an action in the district court to recover this interest. For this purpose he engaged as his counsel defendant Whitney and others and contracted to give them ½ of his interest therein in the event of recovery. This contract was not approved by the county court. Upon filing suit, counsel for Benden claimed a lien for their fee as provided in the contract, in the manner provided by statute. They were successful in the action and recovered judgment in favor of their client for ⅓ interest in the premises. Thereafter, and on the 7th day of June, 1915, Benden conveyed all his right, title, and interest in the premises to John W. Willmott. This conveyance was duly approved by the county court. Willmott thereafter conveyed to defendant C. H. Aldridge. On September 27, 1915, Benden conveyed to defendant Whitney and T. S. Cobbs an undivided ½ interest in the premises, which deed was also approved by the county court. Whitney in this action claims a 1/12 undivided interest through this deed and his attorney's lien.

It is clear that defendant acquired no right under his deed from defendant Benden, for the reason that the deed to Willmott was then on record and his right is, therefore, superior to the right of Whitney.

We are also of the opinion that defendant Whitney acquired no rights by virtue of his asserted lien. His contract was not approved by the county court, and he could, therefore, acquire no lien under the same against the premises in question for his services. Section 9 of the Act of Congress of May 27, 1908 (35 Stat. 315) provides:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land; Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

The contract between defendant Whitney and his associates and Benden, not having been approved as required by this act, was ineffective for the purpose of predicating a lien against the premises, and the trial court ruled correctly in so holding. Pickens v. Gay, 121 Okla. 198, 249 Pac. 403.

It is, however, contended by defendant that the approval of his deed related back to the date of the contract and operated as an approval of the contract as of that date. This contention cannot be sustained. The doctrine of relation cannot be applied in the instant case, for the reason that Willmott, at the time of the approval of this deed, had already acquired and placed of record his deed from Benden, which deed was duly and regularly approved by the county court.

In the case of Canfield v. Jack, 78 Okla. 127, 188 Pac. 1040, in paragraph 6 of the syllabus, it is held:

"In the instant case, Cacy takes a deed from two full-blood Indian heirs, places it of record, and continues in possession for more than a year before securing the approval of his deed by the county court. In the meantime, however, Cornelius takes a deed from the same parties to the same land and had the same approved by the county court. The record does not show that Cacy had ever intended to have his deed approved prior to the execution and approval of the Cornelius deed. He contended that as a matter of law his deed did not require the approval of the county court. Held, that the doctrine of relation is not applicable to the facts of this case wherein Cacy contends that the approval of his deed relates back to its execution and first delivery thus cutting off the intervening interest of Cornelius to the lands involved."

In the body of the opinion, at page 131, the court said:

"We do not believe that under the doctrine of relation an approval of a full-blood Indian's deed will relate back to its execution and first delivery when the same is taken in violation of statute, and thus cut off a subsequent purchaser who has taken his deed and had it approved as by law required."

Under the above authority, the doctrine of relation does not apply to the instant case.

The same authority also disposes of the question discussed by defendant that Willmott was a purchaser with notice.

We have examined the authorities cited by defendant to sustain his lien claim. We do not consider them applicable to the facts here presented.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.