## POWERS v. HOLDER et al.

No. 20593. May 29, 1934.

R. E. Davenport and Blanton, Osborn & Curtis, for plaintiff in error.

Bailey & Hammerly, for defendants in error.

ANDREWS, J. This cause is before this court on a motion of the defendants in error to dismiss the appeal.

The cause was tried on February 8, 1929, and a judgment was rendered by the court on February 9, 1929. A motion for new trial was filed and overruled on the same day. On February 14, 1929, the plaintiff died. A supersedeas bond was filed on February 22, 1929, in the name of the plaintiff, T. E. Powers. On May 4, 1929, the trial court granted the plaintiff additional time in which to make and serve a case-made. On June 5, 1929, the case-made, naming T. E. Powers as plaintiff in error, was served upon the attorneys for the defendants in error. The petition in error was filed in this court on August 1, 1929, naming T. E. Powers as plaintiff in error.

The six-month period in which to appeal from the order overruling the motion for new trial entered on February 9, 1929, expired on August 9, 1929.

On September 10, 1929, Anna Powers filed in the trial court what she designated as a "Motion to Revive & for Substitution", wherein she stated that 110 acres of the land involved herein had been deeded to her by T. E. Powers on February 8, 1929; that the death of T. E. Powers occurred on February 14, 1929, and that he left a will, which had been duly probated, devising all of the land in controversy to his wife, Anna Powers, as sole heir. The instrument concluded:

"Wherefore, the said Anna Powers moved the court that she be substituted as plaintiff or that the action be continued in the name of T. E. Powers, as to the said one hundred ten (110) acres, and that this cause be revived for hearing and in her name as to the balance of the said one hundred eighty (180) acres."

On November 5, 1929, Anna Powers filed in the trial court her motion styled "Amended Motion for Substitution", setting forth that she had discovered that T. E. Powers before his death had deeded to her all of the land in controversy, and praying "* * * that she be substituted as plaintiff in this cause or that the action be continued in the name of T. E. Powers for the use and benefit of the said Anna Powers. * * *" On September 28, 1929, the defendants Nellie Patterson and Tecumseh Morris filed in the trial court a motion to revive the judgment theretofore rendered against J. W. Hoskins as executor of the last will and testament of T. E. Powers, deceased, and as against Anna Powers, who was the sole beneficiary under the will. The motions for substitution and revivor were heard by the trial court on December 16, 1929. That court ordered that the judgment theretofore rendered in favor of the defendants Nellie Patterson and Tecumseh Morris "* * * be and the same is hereby in all things revived as against J. W. Hoskins as executor of the estate of T. E. Powers, deceased, and as against Anna Powers, sole devisee. * * *" The court's order continued:

"* * * That the said Anna Powers be substituted for the said T. E. Powers in said judgment so rendered on February 9, 1929, said Anna Powers to be fully and completely substituted for said T. E. Powers in this cause. * * *"

From those recitals it will be observed that the petition in error was filed in this court on August 1, 1929; that the six-month period allowed by law expired on August 9, 1929;

that the first paper of any kind pertaining to revivor or substitution was filed in the trial court on September 10, 1929, and that no motion, petition, or other proceeding of any nature was ever filed in this court requesting substitution or revivor.

On August 12, 1929, the defendants filed in this court a motion to dismiss the appeal upon the ground of lack of a necessary party plaintiff in error. It was alleged that this court is without jurisdiction to entertain the purported appeal. Thereafter the plaintiff filed in this court a motion for permission to withdraw the case-made for correction, and authority was given to withdraw same for correction under the supervision of the trial court. The case-made was withdrawn and the additional proceedings had in the trial court after filing the petition in error in this court were added to the case-made.

The principal contention presented by the motion to dismiss the appeal is that this court has no jurisdiction to consider an appeal on a record that shows that the person in whose name the appeal was attempted died after judgment, and no revivor or substitution was made during the period provided for appeal.

The plaintiff in error contends that the statute allows one year in which to revive, and that the revival was perfected within such time.

The defendants in error contend that the cause should have been revived in the trial court before the appeal was effected and within the six-month period allowed by law for filing an appeal in this court, and that in this case sufficient time intervened for such a revivor or substitution.

Those contentions have arisen over the meaning of the various sections of the statutes governing the rights of the parties.

Section 547, O. S. 1931, provides:

"All proceedings for reversing, vacating or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of; Provided, that in case the person entitled to such proceeding be an infant, a person of unsound mind or imprisoned, such person shall have six months, exclusive of the time of such disability, to commence proceedings."

Section 575, O. S. 1931, provides:

"When one of the parties to an action dies, or his powers as a personal representative cease before the judgment, if the right of action survive in favor of or against his representatives or successors, the action may be revived and proceed in their names."

Section 583, O. S. 1931, provides:

"An order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

In order for this court to obtain jurisdiction on appeal, the proceedings must be commenced in this court within six months from the date of the rendition of the final order or judgment complained of. The six-month period in the instant case expired on August 9, 1929. The proceedings were commenced in this court, if at all, on August 1, 1929, by the filing of the petition in error. If the proceedings in error in this court were valid, then this court had assumed jurisdiction on August 1, 1929, within the six-month period provided by section 547, supra, and the trial court had no jurisdiction to entertain a motion for revivor or for any purpose relating to or affecting the subject-matter appealed from. If this court did not have jurisdiction on August 9, 1929, it could never acquire jurisdiction because the time had expired and the right to appeal was lost by expiration of time.

In Dooley v. Foreman, 94 Okla. 163, 221 P. 47, the facts were similar to the facts herein. Therein this court held:

"When the Supreme Court acquires jurisdiction of a cause by appeal, the jurisdiction of the trial court is suspended, and remains suspended until the mandate from the Supreme Court has regularly reached it, and is spread upon its record.

"While the jurisdiction of a cause is in the Supreme Court by appeal, the trial court is without authority to make any order which materially affects the rights of the parties; and if the trial court makes such an order, it is null and void.

"If, before the mandate of the Supreme Court has regularly reached the trial court and been spread upon its record, the trial court makes an order allowing the filing of a supplemental or amended petition, or grants a motion authorizing the making of new parties, the orders of the trial court and the amendment or supplemental petition are null and void"

—following Egbert v. St. Louis & S. F. R. Co., 50 Okla. 623, 151 P. 228, and followed by American Investment Co. v. Wadlington et al., 114 Okla. 124, 244 P. 435; Ratzlaff v. State, 122 Okla. 263, 249 P. 934; Cameron et al. v. White et al., 128 Okla. 251, 262 P.

664; Wagoner Oil & Gas Co. v. Goad et al., 136 Okla. 29, 275 P. 1036, and Schichtel v. Turinsky et al., 148 Okla. 296, 298 P. 879.

Can this court take jurisdiction of a cause on appeal, where, after a judgment has been rendered against a party who later dies and no revivor was had before the petition in error was filed in this court, ample time was had for such revivor? This court frequently has given expression on that question.

In Eisiminger v. Jones et al., 137 Okla. 246, 278 P. 1116, this court held:

"Where, after judgment, one of the parties to an action dies, and there is ample time in which to revive the action before the expiration of the statutory period for filing an appeal, and the action is not revived in the trial court, an appeal from such judgment to this court will be dismissed for want of necessary party to the appeal"

—citing Nichols v. Beardsley et al., 134 Okla. 139, 272 P. 447; Grace v. Home State Bank of Tecumseh, 88 Okla. 24, 210 P. 1022; May v. Fitzpatrick, 35 Okla. 45, 127 P. 702; Nye v. Jones, 35 Okla. 96, 128 P. 112, and Skillern v. Jameson, 29 Okla. 84, 116 P. 193.

In Vaughan, Trustee, v. Seabolt et al., 136 Okla. 112, 277 P. 643, it was attempted to appeal by case-made, as in the instant case, and this court held:

"Where a prevailing party dies while the cause is still pending in the trial court, and thereafter the losing party seeks to prosecute proceedings in error to the Supreme Court without the cause having been revived, ample time having elapsed between the time of the death of the party and the expiration of the time in which to appeal, this court is without jurisdiction to review the proceedings in the trial court for the want of a necessary party defendant in error.

"Where a review of proceedings of the trial court is sought by means of case-made, it or a copy thereof having been served upon the attorney of the adverse party after the death of such party without any revivor having first been had, such case-made is a nullity and brings nothing before this court for review."

. It is immaterial whether it be the losing party or the successful party who dies. The rule is the same as to revivor before perfecting an appeal. The language of the court is "where * * * one of the parties to an action dies." Eisiminger v. Jones et al., supra, and the cases therein cited.

Sections 580 and 584, O. S. 1931, a part of the statute providing for revivor of actions, provide:

"Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased, in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section: Provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

If a revivor in the name of the representatives or successor of a plaintiff "may be made forthwith", as provided in section 584, supra, then what is "ample time in which to revive the action before the expiration of the statutory period for filing an appeal", referred to in the various decisions cited herein? In Nichols v. Beardsley, supra, there was only four months and four days from the date of the death of the party to the time of filing the petition in error, and the court held that the time was sufficient to have revived the action. In Eisiminger v. Jones, supra, the final judgment appealed from was rendered on February 29, 1928, and the petition in error was filed in this court on August 27, 1928, five months and 28 days thereafter. The defendant in error died 13 days after the judgment attempted to be appealed from was rendered and five months and 15 days prior to the filing of the petition in error. This court held that there was sufficient time in which to revive the action and dismissed the appeal. In the instant case, as hereinbefore shown, the petition in error was filed in this court five months and four days after the judgment attempted to be appealed from was rendered.

The plaintiff in error died five days after the judgment was rendered and five months and four days prior to the filing of the petition in error in this court. In view of the various holdings of this court herein cited as to what is "ample time in which to revive the action", it certainly cannot be said that the survivors and personal representatives of the deceased did not have sufficient

time in which to revive the action. Especially is this true in the instant case where the deceased was the plaintiff and no time would be lost in being informed as to the death.

The plaintiff in error further contends that Anna Powers, being a grantee in a deed executed by T. E. Powers just prior to his death, had a right under the statutes of Oklahoma to have the litigation continued in the name of T. E. Powers, and she was allowed one year in which to elect to be substituted and that during such time no revivor would be necessary.

That contention might be true under circumstances and facts different from that presented. Section 156, O. S. 1931, a part of chapter 2, article 6, defining necessary parties to an action, provides:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representative or successors in interest, upon such terms and in such time as may be just under the circumstances presented. In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

In interpreting that section of the statute, this court, in Purcell Mill & Elevator Co. v. Canadian Valley Const. Co., 58 Okla. 629, 160 P. 485, held:

"Where the interest of a party in the subject-matter of an action is transferred, it is not error for the court to permit the person to whom such interest is transferred to be substituted for the original party to the action."

In Cushing v. Newbern et al., 75 Okla. 258, 183 P. 409, a suit was brought for foreclosure on a note and real estate mortgage. Lucy Harjo, who was not made a party to the original action, intervened, claiming title and possession of the property, and asked that the title be quieted in her. It was conceded that Lucy Harjo had conveyed the property to the American Trust Company and by successive conveyances to the mortgagor. It was contended that Lucy Harjo had no right to continue the action in her name. Lucy Harjo was still alive and contesting the rights conveyed or attempted to be conveyed by her deed, and in any event would be interested in the outcome of the suit by virtue of warranty in her deed. Lucy Harjo was allowed to continue her suit to quiet title in her name. On appeal this court held:

"In an action to quiet title, an action does not abate by the transfer of any interest of the plaintiff therein during the pendency, and if the plaintiff has transferred his interest, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

We must conclude that under the provisions of section 156, supra, where a suit is in progress and the rights of the parties have not been determined, and one of the parties dies, "the court may allow the action to continue by or against his representative or successors in interest, upon such terms and in such time as may be just under the circumstances presented", or, as it is further provided in the section, "In case of any other transfer of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action." In either event the death of the party or the conveyance of the interest must be submitted to the court and the manner of proceeding determined by the court, and in the case where neither party has died, but merely an interest transferred since the action began, the original party making the transfer may continue the suit in his name. That section refers only to the proper parties to an action during the progress of the suit and prior to the determination of the rights of the parties.

The general statute of revival of actions, section 580, supra, provides a complete plan of revivor in case of the death of a plaintiff in an action, and section 584, supra, provides that an order may be made forthwith, and cannot be made without the consent of the defendant after the expiration of one year from the time the order might have been first made.

Section 573, O. S. 1931, provides:

"Where there are several plaintiffs or defendants in an action, and one of them dies, or his powers as personal representative cease, if the right of action survive to or against the remaining parties, the action may proceed, the death of the party or the cessation of his powers being stated on the record."

In the instant case there was but one party plaintiff. The rights of the parties had been determined prior to the death of the plaintiff. No request had been made to the court prior to the appeal asking that the action be continued in the name of the plaintiff's

representatives or successors in interest, nor to have the grantee of the subject-matter which was conveyed before judgment was rendered substituted in the action as provided in section 156, supra. The provisions of section 573, supra, do not render unnecessary a revivor as provided in section 584, supra, unless the entire right of action survives in a remaining party to the action, and it has no application where the right of action of the deceased party survives in others who are not parties to the suit. Edwards et al. v. Asher et al., 95 Okla. 39, 217 P. 869. The portion of section 156, supra, which provides that, "In case of the death or other disability of the party, the court may allow the action to continue by or against his representative or successors in interest, upon such terms and in such time as may be just under the circumstances presented", is not in conflict with section 584, supra, and the revivor must be had within the time therein provided in order to permit the action to continue. Edwards et al. v. Asher et al., supra.

All of the statutes quoted herein must be construed together in order to give force and effect to all. They must be construed in connection with section 547, supra, as to time for filing appeals in this court. Section 5255. R. L. 1910, was amended by section 1, chapter 18, Session Laws 1910-11, changing the time in which to file appeals in this court from one year to six months, and is now section 547, supra. The changing of the time in which to file appeals in this court did not change the law of revivor in pending suits prior to the determination of the rights of the parties, but did require that appeals to this court in any such suit should be filed within six months from the rendition of the judgment or final order complained of. Litigants cannot always take advantage of all of these provisions of the statute, where, as in the instant case, the time to appeal is an issue. The plaintiff died soon after the judgment complained of was rendered and there was only six months' time in which to revive the action and file the petition in error in this court.

Under the various authorities herein cited, there was sufficient time in which to do both in the instant case, but no proceedings tending toward revival or substitution were begun in the trial court until the petition in error had been filed in this court and the six months' period had expired.

We have carefully considered the various authorities cited in behalf of the plaintiff in error, and we are convinced that such confusion has arisen over the various holdings of this court as to time in which to revive, when the question of time in which to appeal was not an issue and was not considered.

The record shows that this court granted permission to withdraw the case-made for correction. No authority was granted to add to the record as a part thereof the various proceedings begun and had in the trial court after the petition in error was filed in this court. Such proceedings are a nullity and add nothing to the case-made as originally filed.

For the reason herein expressed, we hold that the case-made filed herein is a nullity for the want of proper party plaintiff in error, and that it brings nothing to this court for review.

The motion to dismiss is sustained and the attempted appeal is dismissed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, McNEILL, BAYLESS, and WELCH, JJ., concur. OSBORN, J., disqualified. BUSBY, J., absent.