ROBERT R. FITZGERALD v. STATE.

No. A-10593.   Dec. 22, 1947.

(188 P. 2d 412.)

J. B. Dudley, of Oklahoma City, Clayton Carder, of Hobart, and Sigler & Jackson, of Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

FINLEY McLAURY, Special P. J. Robert R. Fitzgerald was convicted in the district court of Carter county, Okla., of the crime of bribery, sentenced to pay a fine of $500 with costs, and to serve 30 days in the county jail. Said defendant then perfected an appeal to this court. And he now shows by motion that during the pendency of this appeal his motion for a new trial on the grounds of newly discovered evidence has been granted by the district court of Carter county, Okla., and asks that this appeal be dismissed and the lower court directed to proceed with the case.

The state asserts that although defendant's said motion for a new trial was filed in due time under 22 O. S. 1941 §§ 952, 953, following his appeal to this court: (a) that the trial court was without jurisdiction to hear such motion because permission therefor was not secured from

this court; and (b) that the lower court's ruling was erroneous on the merits.

(1) The state relies chiefly upon the case of State v. Hawkins, 121 S. C. 290, 114 S. E. 538, 27 A. L. R. 1083. However, the pertinent South Carolina statute placed no limitation as to the time in which the motion could be made, and it was evidently this fact which induced the South Carolina court to overrule its prior decisions to the contrary. On the other hand, no such evil exists in our statute, 22 O. S. 1941, § 953, which provides that the motion must be filed not later than the next term of court following the trial of the case.

It is true that there is difference in the Oklahoma civil and criminal appellate procedure, but it is a difference of form rather than of substance, the purpose of each being the same—to provide for an appeal from a judgment. The decisions of our Supreme Court on a similar question and statute should therefore at least be persuasive, if not controlling, here. And in the case of Pleasant v. Allen Bros., 180 Okla. 518, 71 P. 2d 114, 116, it is said:

"It is true that the trial court loses jurisdiction over all matters determined or affected by the judgment and original motion for a new trial, from which the appeal is taken, and can take no action which would affect the rights of the parties thereby determined. Such is the general rule and is obviously correct. The trial court may not act adversely to the appellate court, but a petition for a new trial upon the grounds of newly discovered evidence is in the nature of a new and separate proceeding. It injects into the case new matter and presents new conditions and new questions of law and facts. The issues there presented may generally be inquired into by the trial court without in any manner affecting the questions presented upon the pending appeal. We have no doubt

that the defendant here might have properly filed his petition in the trial court, and the same might have been properly acted upon by the trial court, while the issues presented by the appeal were receiving consideration by this court, without any conflict of jurisdiction, because the issues were different and because the right to new trial in such cases is given by statute."

The Kansas Supreme Court, in passing on a similar jurisdictional question in the criminal case of State v. Langmade, 101 Kan. 814, 168 P. 847, said:

"During the term at which judgment has been rendered, the district court has power to set aside an order denying a motion for a new trial, to set aside the judgment, and to grant a new trial, although an appeal has been taken to the Supreme Court."

This holding was followed in the 1941 case of State v. Bowser, 154 Kan. 427, 118 P. 2d 1055.

This court, in the case of Lemmons v. State, 46 Okla. Cr. 331, 288 P. 351, said:

"The appeal was lodged in this court on July 2, 1928. Subsequent to the filing of the appeal in this court, and within the time provided by the seventh subdivision of section 2754, and by section 2755, Comp. Stat. 1921 [22 O. S. 1941 §§ 952, subd. 7, 953], the defendant filed his application for a new trial in the district court, which application was granted, and said case is now pending in that court. The appeal in this case has become moot, and is dismissed."

In a recent Oklahoma Supreme Court case of Price v. Shell Oil Co., 199 Okla. 193, 185 P. 2d 211, 212, it is stated:

"The general rule of statutory construction is that the legislative will is the important and controlling factor. 50 Am. Jur., Statutes, section 223. Russett School Dist. No. C-8 v. Askew, 193 Okla. 102, 141 P. 2d 575, 577. A further general rule is that a statute is open to construction

only where the language used is ambiguous and thus requires interpretation. 50 Am. Jur., Statutes, section 225. In the Russett School District case, supra, we said:

" '* * * That intention is to be first sought in the language of the statute itself, and if it is there plainly expressed it must be followed without further inquiry. Martin v. Carman, 183 Okla. 177, 80 P. 2d 561; 59 C. J. 953; Lewis' Sutherland Statutory Construction, pp. 698-706, §§ 366, 367. * * *' "

22 O. S. 1941 §§ 952, 953 provides:

"Grounds for new trial—Affidavits and testimony.— A court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only:

"* * * Seventh. When new evidence is discovered, material to the defendant, and which he could not with reasonable diligence have discovered before the trial, or when it can be shown that the grand jury was not drawn summoned or impaneled as provided by law, and that the facts in relation thereto were unknown to the defendant or his attorney until after the trial jury in the case was sworn and were not of record. When a motion for a new trial is made on the ground of newly discovered evidence, the defendant must produce at the hearing in support thereof affidavits of witnesses, or he may take testimony in support thereof as provided in Section 5781, and if time is required by the defendant to procure such affidavits or testimony, the court may postpone the hearing of the motion for such length of time as under all the circumstances of the case may seem reasonable. The application for a new trial on the ground that the grand jury was not drawn summoned or impaneled as provided by law may be shown in like manner. R. L. 1910, § 5937.

"§ 953. Time for filing motion.—* * * A motion for a new trial on the ground of newly discovered evidence

may be made after judgment at the term at which the case was tried, or in vacation, before the judge or at the next term of court, and if on the ground that the grand jury was not properly drawn or impaneled then the motion must be made not later than the next term after trial. R. L. 1910, § 5938."

The language and meaning of the statute are plain, giving the defendant a clear right to file the motion within a fixed time, with power vested in the trial court to grant the same. Should any addition to the statutes be deemed necessary, it is a matter for legislative and not judicial action. And the defendant should not be deprived of his vested statutory rights by this court.

Assuming that in the case of Reed v. State, 10 Okla. Cr. 444, 137 P. 369, the defendant's motion was filed within the time provided by 22 O. S. 1941 § 953, such decision is hereby overruled in so far as the same conflicts with the holding herein.

(2) Having determined that the trial court had jurisdiction to hear defendant's motion for a new trial on the ground of newly discovered evidence while the appeal was pending herein, the state's further contention that the action of the trial court in granting a new trial thereon was erroneous because the motion therefor and the evidence produced in support thereof were insufficient cannot be considered here as error would not affect the lower court's jurisdiction. The order granting the new trial was final since the state had no right of appeal therefrom, 22 O. S. 1941 § 1053. State v. Weathers, 13 Okla. Cr. 92, 162 P. 239; and such order, having been made within the trial court's jurisdiction, cannot be attacked collaterally. Fowler et al. v. Marguret Pillsbury General Hospital et al., 102 Okla. 203, 229 P. 442; Ward v. Coleman, 170 Okla. 201, 39 P. 2d 113. And the general rule in

criminal cases is likewise stated in 49 C. J. S., Judgments, § 405.

(3) Pursuant to the granting of such new trial, this case is now again properly pending in the lower court. The appeal herein has become moot and is hereby dismissed. Lemmons v. State, supra.

LAWRENCE JONES and GUY L. HORTON, Special JJ., concur.

Presiding Judge BERT B. BAREFOOT, of the Southern District, Judge DICK JONES of the Eastern District, and Judge JOHN A. BRETT of the Northern District, having each certified his disqualification in the above case, the Hon. FINLEY McLAURY, of Snyder, a member of the Kiowa County bar; the Hon. LAWRENCE JONES of Bristow, a member of the Creek County Bar; and Hon. GUY L. HORTON, Stillwater, of the Payne County bar, were appointed by the Governor as Special Judges in their respective districts in the above-entitled cases.