**Holly SOWELL, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. A–13702.**

Court of Criminal Appeals of Oklahoma.

Nov. 24, 1965.

Rehearing Denied Dec. 14, 1965.

Jay D. Dalton, Tulsa, for plaintiff in error.

Charles R. Nesbitt, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Holly Sowell was sentenced in the District Court of Tulsa County, Oklahoma, on the 5th day of March, 1965, to serve a term of not less than 5 nor more than 15 years imprisonment in the State Penitentiary, for the crime of Second Degree Burglary After Former Conviction of a Felony. Thereafter, on application of the said Holly Sowell, it being determined by the trial court that the said Holly Sowell was an indigent person entitled to a transcript at public expense, the trial court entered an Order directing the preparation of transcript at public expense. The Presiding Judge of the 14th Judicial District in compliance with an Order of this Court issued on the 28th day of July, 1965, appointed the Honorable Jay Dalton to represent the said Holly Sowell in perfecting an appeal to this Court. A Petition in Error with the purported transcript attached, has been filed in this Court and from an examination of said transcript the Court is of the opinion that it is incomplete and does not meet the requirements provided by law, for the reason that it does not contain a copy of the indictment or information. We have many times held that the transcript, on appeal, must include indictment or information, copies of minutes of plea or de-

murrer on arraignment and minutes of trial, charges given jury or refused by trial court and any endorsements thereon, and copy of judgment appealed from.

 We are of the opinion and therefore hold that when, as in the instant case, it has been determined that the defendant is an indigent person entitled to a transcript of the trial proceedings in order to perfect an appeal and said transcript so provided does not contain the information or indictment or other requisite pleadings, orders and instructions or minutes, as required by law, the Court of Criminal Appeals will reverse the judgment and sentence of the trial court and remand the same for a new trial. The judgment and sentence appealed from is reversed and remanded for a new trial.

NIX and BRETT, JJ., concur.