Holly SOWELL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–14165.

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

 

Jay Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Holly Sowell, hereinafter referred to as defendant, was charged in the district court of Tulsa County, on January 22, 1965, with burglary, second degree, after former conviction of a felony. The cause was tried on March 5, 1965, before a jury, defendant was found guilty, and was thereafter sentenced to serve not less than five nor more than fifteen years in the state penitentiary, and he was transferred to that institution.

While in the penitentiary, defendant began efforts to perfect an appeal. He filed in this Court an application for writ of mandamus, to require the trial court to grant the preparation of a transcript of the proceedings, at public expense, and his application was granted.

In compliance with the order of this Court, which was issued July 28, 1965, the trial court had such transcript prepared and appointed counsel to represent the defendant on his appeal. Thereafter, on August 27, 1965 a petition in error with the transcript attached was filed in this Court, which was erroneously entered on the court clerk's docket under the same style and number of the mandamus proceeding. The petition in error and transcript should have been docketed as a new case, with a new number.

Subsequently, on November 24, 1965 this Court rendered an opinion reversing and remanding the cause to the trial court for a new trial. The State's petition for rehearing was denied on December 14, 1965. Sowell v. State, Okl.Cr., 408 P.2d 561. However, because of the erroneous docket entry, the mandate of this Court was not handed down until November 17, 1966. In the meantime, the defendant remained incarcerated in the state penitentiary at McAlester, Oklahoma.

During the month of June, 1966 the defendant filed his petition for writ of habeas corpus in the district court of Pittsburg County, seeking his discharge from the penitentiary, alleging a lack of speedy trial, based on this Court's earlier opinion which reversed and remanded his conviction. Such matter was brought to the attention of the Tulsa County authorities, who immediately requested the Tulsa County District Court for issuance of an order returning the defendant to Tulsa for a new trial.

On Monday, June 27, 1966 the defendant's cause came on for arraignment in the district court of Tulsa County, before the Honorable Robert D. Summs, and defendant entered a plea of "not guilty". At that hearing, the defendant informed the judge, that he had withdrawn his petition for writ of habeas corpus in the district court of Pittsburg County. Because of the uncertainty of the defendant's financial condition, the district judge considered him to be an indigent defendant, and appointed the public defender at Tulsa County to represent defendant at his second trial. The judge then set defendant's trial date for the following Wednesday morning at 9:30.

At his trial, on June 29, 1967 defendant was represented by Mr. Tony Waller and Mr. Robert Funston, Tulsa County public defenders. At the commencement of the trial, considerable discussion was had between the attorneys for defendant, the prosecutor and the court, all of which appears in the record. Defendant's con-

tention was that he was entitled to a speedy trial. The State's position was that defendant was being offered a speedy trial, but the defendant was resisting such trial, without offering justifiable reasons.

The record shows that defense counsel, while contending lack of preparation refused to request a continuance as provided for in the statutes. During this discussion, the district judge most succinctly stated, "Gentlemen, it seems kind of like we have got a game of cat and mouse going on here, and I don't quite understand who is the cat and who is the mouse". Thereafter the judge set the matter to be tried at 1:30 p. m. that same day.

At 1:30 p. m. the defendant and his two court-appointed attorneys appeared before the Hon. Leslie Webb, supernumerary judge, to stand trial. Defense counsel requested that the proceedings of that morning be incorporated into the record of the trial. The trial court granted defendant's request. Thereafter, through his attorneys, the defendant entered his plea of guilty.

The trial judge then proceeded to precisely explain the defendant's constitutional rights to him, after which he again asked the defendant to state for himself how he plead to the charges. The defendant answered the judge by stating that he wanted to plead guilty. The judge thereupon continued . to question the defendant and to each question he elicited the answer from the defendant himself.

After pleading guilty, the defendant first requested that the judge defer passing of judgment and sentence for ten days. However, after a conference with his attorneys he reconsidered the request, insofar as the judge stated that he would permit him to remain in the jurisdiction of the court for ten days, in order that he could perfect his appeal. At that point, the defendant requested immediate sentencing by the court.

However, in order to assure that the court was fully advised, the judge made the following statement to the defendant, "I want him to be completely voluntary in his choice of these matters though, but I want him to be advised that the court has the right to order him committed without bond from this time until sentence time— so, whatever you want to do". To which statement the defendant answered, "I would like to have the sentence now, your Honor."

Upon the district attorney's recommendation, the court sentenced defendant to serve six years imprisonment in the state penitentiary. The court then set the defendant's appeal bond at $10,000, and stayed the execution of the judgment and sentence for ten days.

The defendant filed his motion for a new trial, which was overruled; filed his notice of intent to appeal, and his affidavit for appeal forma pauperis. The court ordered preparation of the transcript at public expense, and subsequently this appeal was perfected.

Defendant sets forth four errors in his motion for new trial, Mr. Jay Dalton, who was appointed to represent the defendant on his appeal, sets forth six citations of error in his petition in error, which he argues in his brief under two propositions. Those propositions are stated:

"1. Error of the court in failing to dismiss the prosecution for failure to grant a speedy trial; and

"2. Error of the court in failing to dismiss the prosecution inasmuch as the trial court did not have jurisdiction to sentence the plaintiff in error at the time he was sentenced."

In support of his first proposition, the defendant cites Article 2, § 20 of the Oklahoma State Constitution, which provides that the accused shall have the right to a speedy and public trial; and he then recites Title 22 Okl.St.Ann. § 812, which in substance provides that the defendant must be tried at the next term of court after the indictment or information is filed, or be subject to being discharged.

This Court has recently interpreted these sections of the statutes in Harge v. Turner, Okl.Cr., 404 P.2d 683; and Collins v. Page, Okl.Cr., 414 P.2d 716.

In an effort to support his contention under these constitutional and statutory provisions, defendant cites McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160, and In re Gregory, Okl.Cr., 309 P.2d 1083. He also quotes from the transcript, setting forth the prosecuting attorney's comments, in an effort to show that Tulsa County failed to follow those requirements of the law.

In support of his second proposition, the defendant cites Egbert v. St. Louis and San Francisco Railroad Company, 50 Okl. 623, 151 P. 228, and Powers v. Holder, 168 Okl. 367, 33 P.2d 193, in an effort to show that the trial court was without jurisdiction to try, and to sentence, the defendant in this cause. The reason given was because the mandate of the Court of Criminal Appeals had not been handed down; therefore, the jurisdiction was still in the appellate court, and any order of the trial court would therefore be void.

The Attorney General states two counter-propositions in his brief in answer to those set forth by the defendant's brief. He states: "We certainly recognize the general rule of Egbert v. St. Louis & San Francisco Ry. Co., Okl. [50 Okl. 623], 151 P. 228, that no two courts may have jurisdiction of the same cause of action at the same time. But, we submit, that this is a general rule with some very well recognized exceptions. Also we agree with the general rule of Powers v. Holder, 163 [168] Okl. 367, 33 P.2d 193, to the effect that while the appellate court has jurisdiction the lower court may not enter any orders substantially affecting the cause. However, this rule too has some exceptions. For example, it has been held by this court that even though an appeal is pending before it, the trial court has jurisdiction to entertain a motion for new trial on the grounds of newly discovered evidence. Fitzgerald v. State, 85 Okl.Cr. 409, 188 P.2d 412."

The general rule, as set forth in Ex parte Peck, 96 Okl.Cr. 71, 248 P.2d 655, provides that after a case is appealed to the Court of Criminal Appeals, the trial court is divested of all jurisdiction except to comply with the mandate of this Court. However, as pointed out by defendant, the mandate was not received by the Tulsa County District Court Clerk until after the defendant entered his plea of guilty. This, nevertheless, is not fatal error under the facts of this case.

Under ordinary circumstances, the mandate would have been handed down when the petition for rehearing was denied. But, due to the error in entering the cause on the docket under the cause in mandamus, the mandate was inadvertently delayed

Under the facts of this case, we adopt the rule set forth by the Oklahoma Supreme Court in Schneider v. Decker, 144 Okl. 213, 291 P. 80 (1930), in the second paragraph of the syllabus:

"On the reversal of a cause a mandate should be issued, filed in the trial court, and there spread of record before further proceedings are had. But if after a cause has been reversed by the Supreme Court and mandate issued thereon, a retrial is had pursuant to the mandate and opinion of this court and no objection to retrial is at that time made, on the ground that the mandate has not been received, filed, and spread of record, it is but harmless error and no weakness inheres in the decree entered by reason thereof."

The record before this Court reflects that the defendant offered no objection whatsoever concerning the absence of the mandate of this Court. Instead, the defendant attempted to delay the matter beyond the term of court, in an effort to obtain a dismissal under the State Constitution and the statutes.

We are of the opinion that insofar as the district court was fulfilling the directive of this Court, and since the defendant offered no objection to the absence of said mandate, such error was harmless, Likewise, when the defendant entered his plea of guilty, he thereby removed any question of fact from his appeal. See Lamb v. State, Okl.Cr., 406 P.2d 1010,

wherein this Court stated in the first paragraph of the syllabus:

"When guilty plea is entered, there is no fact remaining for jury to determine and there remains only the imposition of judgment and sentence. O.S. 1961, Const. art. 2, § 20; 22 O.S.A. § 513."

We are further of the opinion that the judgment and sentence of the district court of Tulsa County, in case No. 21074, should be, and the same is, therefore, affirmed. And further, that the said Holly Sowell shall receive all penitentiary credits due him toward the fulfillment of the six year sentence imposed herein, from the date he first was incarcerated in the state penitentiary, as the result of the judgment and sentence passed March 5, 1965 under this same charge.

Judgement and sentence affirmed.

NIX, P. J., and BUSSEY, J., concur.