Floyd Dean YATES, Petitioner,

v.

Jack BROCK, District Judge, et al., and the Comanche County District Court, Respondents.

No. O–74–219.

Court of Criminal Appeals of Oklahoma.

April 23, 1974.

Donald E. Van Meter, Lawton, for petitioner.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for respondent.

## DECISION AND OPINION

BRETT, Judge:

Floyd Dean Yates filed his petition in this Court seeking issuance of the alternative writ of prohibition or mandamus to prevent the Comanche County District Court from subjecting him to a second trial. After considering the petition and record attached and the Attorney General's response, this Court assumes jurisdiction of the matter presented, and hereby determines this question for future reference, but declines to issue the writ prayed for.

Petitioner, Floyd Dean Yates, was convicted in the Comanche County District Court for the offense of Delivery of Heroin in that court's case number CRF–72–501, wherein petitioner was sentenced to

serve seven (7) years imprisonment. That conviction was appealed to this Court and this Court's decision reversing and remanding the conviction for a new trial was entered February 13, 1974, in this Court's case number F–73–300, with the following provision:

"IT IS THEREFORE THE ORDER of this Court that appellant, Floyd Dean Yates, shall be returned to the jurisdiction of the Comanche County District Court within a reasonable time, not to exceed thirty (30) days, to stand trial again on the charges from which this appeal was lodged; and further, the Comanche County District Court shall enter an order directing the Sheriff of Comanche County to proceed to the State Penitentiary for the purpose of returning appellant, Floyd Dean Yates, to stand trial in accordance with the provisions of this decision; and further, failure of said District Court to return Floyd Dean Yates to stand trial as herein provided, shall entitle the said Floyd Dean Yates to immediate discharge from further confinement under Case No. CRF–72–501."

Petitioner was returned to the jurisdiction of the Comanche County District Court for the purpose of standing trial again as ordered by this Court; but prior to time for trial, petitioner filed a petition for writ of habeas corpus in the trial court seeking his discharge from further confinement; because, as he asserts, more than thirty days had lapsed from the date this Court's decision was rendered when he was returned to the trial court jurisdiction. On March 21, 1974, a hearing was held on the petition for writ of habeas corpus and petitioner entered the following stipulation:

"That the District Attorney's office of Comanche County received the decision of the Court of Criminal Appeals in its order dated 13 February 1974 in Case No. CRF–73–300, [this Court's No. F–73–300], Floyd Dean Yates, appellate [sic], vs. The State of Oklahoma, appellee, on or about 15 February, 1974; that

the Court Clerk of Comanche County, Fred Clapp, would indicate that he cannot remember when he received a decision and order and that the court docket of Comanche County in CRF–72–501 indicates that the decision and order has never been spread of record; that by court order of the Honorable Judge Jack Brock filed on the seventh of March, an order was issued for the return of Floyd Yates to the jurisdiction of Comanche County; that the Honorable Winston Raburn has issued judicial notice that he received a copy of the decision and order on or before the 15th of February, 1974; that Floyd Yates was returned to Comanche County on the 20th of March; that the Court of Criminal Appeals in Case F–73–300 issued their mandate and such was received and filed in Comanche County on the 4th of March, 1974, said mandate being issued on the 1st of March. Your Honor, on the stipulation of the facts entered in the record, the applicant would rest as to evidence presented in this hearing and present the matter to the Court based on the argument presented."

At the conclusion of the hearing, the Honorable J. Winston Raburn, entered the following order:

"[T]he court is going to hold that the time set forth in the opinion from the Court of Criminal Appeals commenced to run on the date the mandate was received and therefore is going to deny the application of the Defendant with exceptions to the Defendant."

Thereafter, petitioner seeks in this Court issuance of the alternative writ of prohibition asserting that the prescribed thirty (30) day period commenced to run from the date the decision was rendered by this Court, i. e., February 13, 1974. The Attorney General's response requests this Court to assume jurisdiction of this original proceeding, and to set finally to rest the question pertaining to the issuance of the mandate by this Court and its effect on matters recited and contained in any formal

decision or opinion of this Court, and especially as the decision pertains to the commencement of the running of any required time period recited therein, as in petitioner's case.

At the outset it should be noted that 22 O.S.1971, § 1051(b), provides authority for the Court of Criminal Appeals to prescribe rules governing the procedure for the filing of an appeal in the Court of Criminal Appeals, which will have the force of statute. Rules 1.18, 1.19 and 1.20, pertaining to rehearings, issuance of this Court's mandate, and duties of the prosecutor after a decision is reached provide the following:

"Rule 1.18.—*Rehearing—Requisites of Application—Notice*

Application for a rehearing in any cause, unless otherwise ordered by the Court, shall be made by a petition to the Court, signed by counsel, and filed with the Clerk within fifteen (15) days from the date on which the opinion in the cause is filed. Such petition shall briefly state the grounds upon which counsel relies for a hearing and show either that some question decisive of the case and duly submitted by the counsel has been overlooked by the Court; or, that the decision is in conflict with an express statute or controlling decision to which the attention of the Court was not called either in brief or oral argument; or, which has been overlooked by the Court and the question, statute, or decision so overlooked must be distinctly and particularly set forth in the petition. If such application is granted, the cause shall be assigned for rehearing and the Clerk shall notify both parties, or their counsel, of the time when such will be had, and such time may be given for argument or brief as the Court shall allow. If Petition for Rehearing is denied, the Mandate shall be issued forthwith.

"Rule 1.19.—*Mandate—Stay—Further Application for Rehearing*

A. Issuance of Mandate. After the expiration of fifteen (15) days from the filing of a decision in a regular appeal, the Clerk shall issue a Mandate to the court in which the Judgment was rendered in accordance with the decision of this Court; *provided, however*, nothing in these Rules shall prohibit this Court, where it deems necessary, from directing the issuance of the Mandate forthwith upon delivery and filing of the decision; *providing further, however,* that such action shall be without prejudice to the filing of a Petition for Rehearing as set out in Rule 1.16.

B. Mandate Stayed. If a Petition for Rehearing shall be filed during such time, the Mandate shall not issue until the disposition of the Petition for Rehearing unless such Mandate was issued at the time of the filing of the decision. After the Petition for Rehearing is passed on, the Mandate shall be issued forthwith. *Provided, further,* that in the event the Petition for Rehearing be granted and the decision originally rendered withdrawn, the aggrieved party shall have five (5) days within which to file a Petition for Rehearing, but in no event shall either party be entitled to more than one (1) Petition for Rehearing. When the Petition for Rehearing has been denied, as hereinbefore set forth, the Mandate shall issue forthwith from the denial of said Petition. The Mandate shall not be recalled, nor stayed pending an appeal to any other court, nor shall bail be allowed by this Court pending appeal from a final decision of this Court, unless two (2) of the Judges participating in the decision shall for good cause shown recall the Mandate.

C. Denial of Rehearing. If any case in which a Petition for Rehearing is denied, or in which an opinion is rendered on rehearing, no further motions or applications for rehearing or review will be allowed, and the

Clerk shall not file any such motions or applications.

D. Regular Appeals Only. In all cases other than a regular appeal from a trial court, no Petition for Rehearing may be filed with the Clerk of this Court, other than Writ of Certiorari.

"Rule 1.20. *Duties of Prosecutor*

A. Opinion with Directive. A copy of the opinion rendered by this Court shall be forwarded to the prosecutor for the court from which the appeal is perfected. A directive with instructions setting forth the prosecutor's duties, as an officer of this Court, will be attached to the opinion.

B. Notification of Mandate. On the day the Mandate is actually issued, the Clerk of this Court shall notify the prosecutor that the Mandate has been issued in order that he may act accordingly."

It should be noted also, that the policies and procedures of the Court of Criminal Appeals require that the Clerk of this Court shall issue the mandate when directed to do so by the Presiding Judge through the Marshal of the Court.

■ Petitioner's contention that the time period referred to in this Court's decision should commence to run on the date the decision was rendered is not valid. The decision of this Court cannot become final until the date the mandate is issued, otherwise there would be no provision for the filing of a petition for rehearing. It is clear that the trial court is without jurisdiction to give any further consideration to a conviction appealed from that court, until the appellate court restores jurisdiction in the trial court. The restoration of jurisdiction in the trial court is accomplished by issuance of the mandate by this Court.

■ The Oklahoma Supreme Court recited the following in Egbert v. St. Louis & S. F. R. Co., 50 Okl. 623, 151 P. 228, 230 (1915), concerning the function of an appellate court mandate:

"A 'mandate' is the official mode of communicating the judgment of the appellate court to the lower court. . . . And the great weight of authority, so far as we have been able to ascertain, is that jurisdiction in the trial court, after it has once been lost by appeal, is not reestablished until the mandate is issued and spread upon its record. . . . 'As the mandate is the official mode of communicating the judgment of the appellate court to the lower court, no proceeding can be had in the lower court in an appealed case until the mandate has been filed in said court.' "

■ We are therefore of the opinion, and so hold, that the decision of this Court is not final until the mandate is issued by this Court and spread of record in the trial court; and further, any time period specified in a decision or opinion of this Court directing that the trial court shall perform some further function in accordance with instructions of this Court shall not commence to run until the date the mandate is received and spread of record in the trial court.

We further hold that this decision is merely a statement of the procedure which has been applied to decisions and judgments of the Court of Criminal Appeals, in accordance with the rules of the court, since the Court of Criminal Appeals was formulated.

We therefore deny the writ prayed for.

BLISS, P. J., and BUSSEY, J., concur.