**STATE of Oklahoma, Petitioner,**

v.

**The Honorable Eugene H. MATHEWS, District Judge Seventh Judicial District, Oklahoma County, State of Oklahoma, Respondent.**

No. P 92–0236.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1992.

## ORDER GRANTING APPLICATION FOR WRIT OF PROHIBITION

The State filed an application for this Court to assume original jurisdiction and issue a writ of prohibition or alternatively, a writ of mandamus, directed to the Honorable Eugene Mathews, District Judge of Oklahoma County, prohibiting him from modifying the sentences of Roger Gail West and Kelly Lynn West in Case No. CF–90–4472.

The defendants were sentenced September 16, 1991, to the following terms: defendant Roger Gail West received thirty-five (35) years suspended, except as to the first eighteen (18) years to do; defendant Kelly Lynn West received thirty (30) years suspended, except as to the first ten (10) years to do. The Department of Corrections filed a report pursuant to 22 O.S.1991, § 982a, on December 5, 1991, and on February 18, 1992. The sentences were modified on February 20, 1992, to the following terms: defendant Roger Gail West to thirty-two (32) years suspended except as to the first fifteen (15) years; defendant Kelly Lynn West to twenty-eight (28) years suspended except as to the first eight (8) years to do.

The State contends that the District Court was without jurisdiction to modify the sentences of the defendants as the sentences were not modified within one hundred twenty (120) days from the date the sentences were imposed as required by 22 O.S.1991, § 982a.

On March 30, 1992, this Court directed the Honorable Eugene H. Mathews, or a designated representative, file a response to the State's application in this Court, specifically addressing 22 O.S.1991, § 982a. Said response prepared by Irven R. Box and Diane Clowdus on behalf of Judge Mathews was filed in this Court on April 29, 1992.

Respondent argues that because a hearing was set to consider sentence modifications within the one hundred twenty (120) day period, that the jurisdiction of the District Court continued until a ruling was made on the applications. Respondent also

argues that the District Court retained jurisdiction by virtue of imposing a suspended sentence at the time of the original sentencings. We do not find that the authority cited by Respondent supports either of these contentions.

■ Section 982a directs that "[a]ny time within one hundred twenty (120) days after a sentence is imposed or within one hundred twenty (120) days after probation has been revoked, the court imposing the sentence or revocation of probation may modify such by directing that another penalty be imposed if the court is satisfied that the best interests of the public will not be jeopardized...." (emphasis added) The language of this statute is very clear. The District Court does not have jurisdiction under Section 982a to modify a sentence on the one hundred fifty-seventh (157th) day, but only has jurisdiction to do so within one hundred twenty (120) days from the date of sentencing.

■ Respondent also argues that this Court should decline jurisdiction of this matter because the State failed to seek relief from this Court prior to the hearing. However, for a writ of prohibition Petitioner has the burden of establishing that a court has exercised judicial power unauthorized by law resulting in injury for which there is no other adequate remedy. We find that the State has met its burden for a writ of prohibition.

Accordingly, the State's application for a writ of prohibition prohibiting the District Court of Oklahoma County from enforcing its order of February 20, 1992, modifying the sentences in Oklahoma County District Court Case No. CF–90–4472 of the defendants Roger Gail West and Kelly Lynn West is GRANTED. The order of the District Court modifying the sentences is hereby VACATED.

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge
/s/ Tom Brett
TOM BRETT,
Judge

/s/ Ed Parks
ED PARKS,
Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge