2001 OK CR 10

**Benjamin Harry CRIDER, II, Appellant,**

**v.**

**The STATE of Oklahoma ex rel. The DISTRICT COURT OF OKLAHOMA COUNTY, The Hon. Tammy Bass Jones, Appellee.**

Nos. F–99–1422, PR–2001–14.

Court of Criminal Appeals of Oklahoma.

April 20, 2001.

## ORDER GRANTING WRIT OF PROHIBITION

¶ 1 Benjamin Harry Crider, II, was tried by jury and convicted of First Degree Murder in violation of 21 O.S.1991, § 701.7(A), in the District Court of Oklahoma County, Case No. CF–98–2944. In accordance with the jury's recommendation the Honorable Tammy Bass–Jones sentenced Crider to life imprisonment with the possibility of parole. Crider filed his Petition in Error with this Court on January 19, 2000. On November 1, 2000, the State asked Judge Bass–Jones to enter a protective order in this case. Crider responded and claimed Judge Bass–Jones did not have jurisdiction to enter a protective order. After a December 5, 2000, hearing on the jurisdictional issue, Judge Bass–Jones issued an Order finding the trial court had jurisdiction to consider the State's request for a protective order, but stayed further proceedings pending this Court's decision on Crider's Petition for Writ of Prohibition or Mandamus. Crider subsequently filed this Petition on January 4, 2001. The Respondent filed her response on March 21, 2001.

¶ 2 The Oklahoma Court of Criminal Appeals has exclusive appellate jurisdiction in criminal cases.[1] Once an appeal has been perfected in this Court, the trial court has no authority in the case until this Court's mandate has issued, restoring jurisdiction in the trial court.[2] An appeal is perfected by timely filing the Petition in Error.[3] Crider filed his Petition in Error on January 19, 2000, and his Judgment and Sentence was imposed on October 22, 1999. His Petition in Error was filed within the ninety-day limit and is timely,[4] and this Court has jurisdiction in this case.

¶ 3 However, consistent with this, the trial court may instruct jurors to report any unwelcome attention regarding jury service after it ends.[5] If a juror reports harassment, the trial court has the inherent authority to issue a protective order, upon application and for cause, prohibiting a named person or persons from having further contact with that juror. That was not the request made in this case. According to the record before this Court, two jurors filed affidavits complaining of unwelcome contact with at least two investigators from the Oklahoma Indigent Defense System (OIDS). The affidavits state the jurors felt harassed and did not wish to sign affidavits for OIDS. Neither affidavit suggests the OIDS investigators approached the jurors after they were asked to stop. An affidavit from an OIDS investigator describes conversations with and attempts to contact the jurors, and states the investigator ceased contact after the jurors said they did not want further contact with OIDS representatives.

¶ 4 In response to the jurors' concerns the State requested a protective order. The request noted OIDS investigators had

1. 20 O.S.1991, § 40; Okla. Const. art. VII § 4.

2. *Tilley v. State ex rel. Scaggs,* 1993 OK CR 52, 869 P.2d 847, 849 (district court without authority to proceed in case pending outcome of state appeal); *Standridge v. State,* 1985 OK CR 64, 701 P.2d 761, 765 (trial court without authority to rule on motion for new trial five months after petition in error filed and jurisdiction assumed by this Court); *Yates v. Brock,* 1974 OK CR 84, 521 P.2d 1396, 1400 (trial court has no jurisdiction over remand for new trial until this Court issues mandate on appeal). See 22 O.S.1991, § 44, "When the court from which an appeal is taken shall be *deprived of jurisdiction of the cause* pending such appeal, and when such case shall have been determined by the Criminal Court of Appeals [sic], the mandate of the Criminal Court of Appeals shall be returnable to the court of which jurisdiction has been given over said cause." [Emphasis added.]

3. Rules 2.1(A)1, 3.1, 3.2, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2001).

4. Rule 3.1(C), *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch. 18, App. (2001).

5. *Cohee v. State,* 1997 OK CR 30, 942 P.2d 211; Oklahoma Uniform Jury Instructions—Criminal (2nd) 10–12.

questioned most of the *Crider* jurors, and asked the District Court to prohibit OIDS employees from further questioning or harassing "these jurors" concerning incidents that may have occurred during deliberations.[6] In style and scope, this request exceeds the District Court's authority. We note that defense representatives are entitled to contact jurors as part of the investigation of possible appellate issues, in order to determine whether any impermissible outside influence was introduced into deliberations. We also note that jurors are not required to visit with defense representatives, and if a juror indicates that he or she does not wish to speak with the defense representative that is his or her prerogative. Such juror contacts are by their nature sensitive and the juror's wishes should at all times be respected. Individual jurors, or the State, may request that separate protective orders be entered against named representatives of the defendant on behalf of jurors who report harassment. The trial court may not, however, issue a blanket protective order against all OIDS employees on behalf of two or more unnamed jurors, in a criminal case which has resulted in conviction and is on appeal.

¶5 Crider's appeal has been perfected. The Oklahoma County District Court under the specific facts of this case improperly granted the State's request for protective orders. Crider's Petition for Prohibition is **GRANTED.**[7]

¶6 **IT IS SO ORDERED.**

¶7 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 19th day of April, 2001.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge, Concur in Result
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge

---

6. State's Request for Protective Order at 2.

LUMPKIN, Presiding Judge: concur in result.

¶1 I concur in the results reached by the Court in this case. As a judge of the District Court, I repeatedly gave the instruction upon discharge of the jury contained in OUJI–CR (2d) 10–12, which states, "you have now completed your duties as jurors in this case and are discharged. The question may arise whether you are free to discuss this case with anyone. This is entirely your decision. If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately." Having never been confronted with the issue raised in this case, I was never required to seek out the authority for action by a trial court, should harassment of a juror, post-trial, occur. However, upon the opportunity to research and consider the issue, it would appear there is a void in the statutory framework of our trial procedure which would allow a court to issue a protective order, post-trial, to protect former jurors from harassment. The Legislature has provided for juror protective orders in 22 O.S.1991, § 853.1. However, that statute only authorizes "a protective order for a stated period regulating disclosure of the identity and business or residential address of any perspective or sworn juror to any person or persons, other than to counsel for either party". The other statutory framework which provides for protective orders is pursuant to the Protection From Domestic Abuse Act, 22 O.S.Supp.1996, § 60 *et seq.* However, those persons who are subject to that Act and eligible to receive a protective order, do not include jurors. The rules contained in 5 O.S., § Rule 3.8 and 4.4 (2001), App. 3–A; *Oklahoma Rules of Professional Conduct* apply only to the actions of a licensed attorney for the purpose of determining whether or not that attorney is subject to bar discipline for their action. In addition, a review of the statutory provisions relating to injunctions, 12 O.S.1991, § 1381 *et seq.*, indicates these

---

7. Crider's Application for Evidentiary Hearing on issues of juror misconduct, filed November 3, 2000, will be considered with his direct appeal.

**580**

provisions do not apply to the situation of protection of a juror, post-trial, from harassment. As a result of this review, it would appear there is a legislative void in providing for the substantive statutory authority and procedure relating to a protective order for purposes of protecting jurors, post-trial, from harassment as a result of their duty as jurors.

¶ 2 I understand the trial judge in this case sought to rely on this Court's decision in *Cohee v. State,* 1997 OK CR 30, 942 P.2d 211. However, as reflected in my separate vote to that attempt at judicial legislation, *Id.* at 216–218, I do not find the proposed guidelines constituted anything but dicta. The case certainly did not rise to the level of a statutory authorization for the issuance of that type of order and provide for a procedure which would ensure the due process rights of anyone who might be subject to that order. This is an issue which should be addressed in the legislative forum. The Oklahoma Legislature should create by statute the right to issue a protective order in relation to protecting jurors from harassment after their service as jurors has been completed. In addition, the Legislature should enact a process which would afford an individual, against whom a protective order is sought, appropriate due process rights to ensure any protective orders which might be issued would comply with constitutional requirements. For these reasons, I agree with the result reached by the Court in this matter but believe some statements contained in the order exceed the breadth of statutory authorization in existence at this time.