2002 OK CR 11

**Emily Michelle DOWDY, Petitioner,**

v.

**The Honorable Susan P. CASWELL, Judge of the District Court for Oklahoma County, and the State of Oklahoma, Respondents.**

**No. PR–2002–123.**

Court of Criminal Appeals of Oklahoma.

March 7, 2002.

## ORDER GRANTING APPLICATION FOR WRIT OF PROHIBITION AND REMANDING TO THE DISTRICT COURT

¶ 1 Petitioner, Emily Michelle Dowdy, has filed an application for writ of prohibition asking this Court to order the Honorable Susan P. Caswell, District Judge, to vacate her order finding a lack of jurisdiction to consider sentence modification in Case No. CF–1999–3910 in the District Court of Oklahoma County. On February 8, 2001, Petitioner was convicted of Manslaughter in the First Degree, and a sentence of twenty-five years imprisonment was imposed. On February 16, 2001, Petitioner's direct appeal, No. F–2001–171, was initiated by the filing of a notice of intent to appeal and designation of record in the District Court and in this Court. On April 20, 2001, the petition in error was filed in Petitioner's appeal. Briefs have been filed and the appeal has been submitted to this Court for a decision.

¶ 2 On December 27, 2001, Petitioner filed a motion for sentence modification in the District Court, pursuant to 22 O.S.Supp.2000, § 982a, and the District Court set the matter for hearing. On January 25, 2002, the hearing was conducted and Judge Caswell ordered that, because Petitioner has a pending appeal before this Court, the District Court does not have jurisdiction to hear Petitioner's request for sentence modification. Judge Caswell relied on *Crider v. State*, 2001 OK CR 10, 29 P.3d 577, *Sowell v. State*, 1967 OK CR 127, 430 P.2d 820, and *Ex parte Peck*, 96 Okl.Cr. 71, 248 P.2d 655 (1952), for the general rule that after a case is appealed to the Oklahoma Court of Criminal Appeals, the trial court is divested of all jurisdiction except to comply with the mandate of the Court of Criminal Appeals. Judge Caswell felt the case law overrode Section 982a. Petitioner contends Judge Caswell's order, determining the District Court was without jurisdiction, is unauthorized by law and asks this Court to order Judge Caswell to vacate the order.

■ ¶ 3 The Legislative power of the State of Oklahoma shall be vested in a Legislature, consisting of a Senate and a House of representatives. Okla. Const. Art. V, § 1. The Legislative, Executive, and Judicial departments of government shall be separate and distinct, and neither shall exercise the powers properly belonging to either of the others. Okla. Const. Art. IV, § 1. Case law sets general rules in the interpretation and application of the laws of Oklahoma. However, such general rules are displaced by enactments of the Legislature, so long as those enactments are not violative of the Constitution or otherwise unlawful. Okla. Const. Art. V, § 1, Art. IV, § 1.

■ ¶ 4 The language of Section 982a of Title 22 of the Oklahoma Statutes is very clear. *State v. Mathews*, 1992 OK CR 56, ¶ 6, 837 P.2d 482, 483. Section 982a expressly authorizes the court imposing a sentence to modify such sentence any time within twelve (12) months after the sentence is imposed, and does not limit this authority if the case is pending on appeal. 22 O.S.Supp.2000, § 982a.

¶ 5 The general rule relied upon by Judge Caswell, that after a case is appealed to this Court the trial court is divested of all jurisdiction except to comply with the mandate, has not been addressed in conjunction with a statute specifically authorizing action by the trial court in a criminal case. *Crider*, 2001 OK CR 10 at ¶ 4, 29 P.3d at 579 (trial court not authorized to issue blanket protective order to all OIDS employees on behalf of unnamed jurors when criminal case is on appeal); *Sowell*, 1967 OK CR 127 at ¶ 21, 430 P.2d at 823 (the fact the trial court proceeded in the criminal case even though mandate had been inadvertently delayed was harmless and not fatal error); *Ex parte Peck*, 96 Okl. Cr. 71, 248 P.2d 655 (1952); *see also Tilley v. State ex rel. Scaggs*, 1993 OK CR 52, 869 P.2d 847 (once State filed its appeal, trial court was not authorized to revisit case on State's motion to reconsider); *Standridge v. State*, 1985 OK CR 64, ¶¶ 22 24, 701 P.2d 761, 765 (trial court was not authorized to consider motion for new trial filed nearly five

months after appeal lodged); *Yates v. Brock*, 1974 OK CR 84, 521 P.2d 1396 (on remand, time periods commence in the trial court after mandate is issued restoring jurisdiction to the trial court, and not from date appeal decision is rendered); 20 O.S.1991, § 44 (*when* trial court shall be deprived of jurisdiction pending appeal, appeal mandate shall be returnable to trial court) (emphasis added). We find Section 982a specifically authorizes a trial court to consider modification of a sentence in a criminal case regardless of whether an appeal is pending, and provides an exception to the general rule developed in the above-cited authority.

¶ 6 The fact the Legislature has authorized a trial court to take action in a criminal case, while an appeal is pending in this Court, has the potential for confusion and conflict. However, such potential can be minimized through the diligence and cooperation of the courts. If a trial court considers modification of a sentence in a criminal case under Section 982a while an appeal is pending, the trial court shall notify this Court in writing of the hearing on sentence modification, and file a copy of the notice in the appeal file. When the trial court makes its decision on whether a sentence should be modified, a written order containing the decision shall be provided to this Court, and filed in the appeal file.

¶ 7 In accordance with the foregoing, this Court finds Judge Caswell, and the District Court, were authorized by law to hear and decide Petitioner's request for sentence modification under Section 982a. Rules 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2002). Therefore, the application for writ of prohibition, asking this Court to order Judge Caswell to vacate her order finding a lack of jurisdiction to consider sentence modification in Case No. CF–1999–3910 in the District Court of Oklahoma County, should be, and is hereby, **GRANTED.**

¶ 8 A decision on Petitioner's request for sentence modification was not made within the twelve (12) month period provided by Section 982a because Judge Caswell relied on the general rule concerning appellate jurisdiction, and because this matter has been pending in this Court through expiration of the period. The District Court has not attempted to extend the twelve (12) month period, and to decide a request to modify sentence after the period has expired. *Cf. State v. Mathews*, 1992 OK CR 56, 837 P.2d 482. Under these unique circumstances, we find this case should be remanded to the District Court and the period under Section 982a extended, to allow the District Court to consider whether or not to take up Petitioner's request for sentence modification under Section 982a.

¶ 9 **IT IS SO ORDERED.**

¶ 10 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 7th day of March, 2002.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge
/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge
/s/ Steve Lile
STEVE LILE, Judge