**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BILLY RAY WILLIAMS,

      Petitioner - Appellant,

vs.

STEVEN BECK; STATE OF
OKLAHOMA,

      Respondent - Appellee.

No. 04-6184
(D.C. No. CV-04-135-T)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HENRY**, and **TYMKOVICH**, Circuit Judges.

Petitioner-Appellant Billy Ray Williams, a state inmate appearing pro se, seeks to appeal from the dismissal of his habeas petition, 28 U.S.C. § 2254. Upon recommendation of the magistrate judge, the district court dismissed three of the claims contained in the petition as time-barred pursuant to 28 U.S.C. § 2244(d) and not saved by equitable tolling, and then summarily dismissed the one remaining claim as not cognizable in habeas pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

For this court to have jurisdiction over Mr. Williams' appeal, a certificate of appealability ("COA") must be granted. 28 U.S.C. § 2253(c)(1)(A); Miller-El

v. Cockrell, 537 U.S. 322, 327 (2003).  To make such a showing, Mr. Williams must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For a denial based upon procedural grounds, Mr. Williams must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

Mr. Williams pleaded guilty on November 27, 2001 to escape from a penitentiary after former conviction of a felony and was sentenced to seven years imprisonment.  Because he did not file a timely pleading seeking to withdraw his guilty plea or seeking a direct appeal, his conviction became final on December 7, 2001, ten days after entry of the judgment.  See Okla. Crim. App. R. 4.2(A), Okla. Stat. tit. 22, ch. 18, app.  On October 23, 2002, Mr. Williams moved to modify his sentence, the motion was granted and the amended judgment and sentence was filed on October 31, 2002.  R. Doc. 15, Ex. 6; Doc. 18 at 2 & 7 n.11.  Thus, at most, the limitation period was tolled for eight days, resulting in the one-year limitation period expiring on December 17, 2002.  See 28 U.S.C. 2224(d)(1)(A) & (2).

This action was deemed filed on February 2, 2004, and is therefore time-

barred.  Although Mr. Williams sought state postconviction relief subsequent to December 17, 2002, that would not toll the limitations period.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

On appeal, Mr. Williams argues that because  Okla. Stat. Ann. tit. 22, § 982a  allows a state district court to modify a sentence within twelve months after imposing it under certain circumstances, no judgment and sentence is final in Oklahoma until the twelve-month period has run.  He also argues that because an amended judgment and sentence was in fact entered in his case on October 31, 2002, that is when his one-year limitation period under 28 U.S.C. § 2244(d)(1)(A) begins to run.

Section 2244(d)(1)(A) provides that the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  We agree with the respondents that the sentence modification procedure is not part of the direct review process under Oklahoma law.  R. Doc. 15 at 3-4; see Orange v. Calbone, 318 F.3d 1167, 1170-71 (10th Cir. 2003) (inquiry is whether state procedure is part of the direct review process; Oklahoma's appeal out of time procedure is part of that process). The motion for sentence modification may be made in the trial court regardless of whether direct review is pending; the trial court has jurisdiction even if an appeal of the original judgment and sentence is pending, though it must inform the

OCCA of the disposition of the motion. <u>Dowdy v. Caswell</u>, 43 P.3d 412, 414 (Okla. Crim. App. 2002). Moreover, we note the original judgment and sentence (or the events surrounding it) furnishes the predicate of Mr. Williams' habeas claims--not the amended judgment and sentence resulting from the sentence modification.

We are satisfied that the district court's resolution of the limitations issue is not debatable or wrong. Accordingly, we DENY Mr. Williams application for a COA, DENY his request to proceed in forma pauperis as moot, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge