**UNITED STATES COURT OF APPEALS**

**June 13, 2011**

**TENTH CIRCUIT**

ANTION LAMOND KNOX,

      Petitioner–Appellant,

v.

RANDALL G. WORKMAN,

      Respondent–Appellee.

No. 11-6042
(D.C. No. 5:10-CV-01181-W)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Antion Lomand Knox,[1] a state prisoner proceeding pro se,[2] seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas petition. We deny Knox's application for COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Knox uses several aliases in his filings, including "Antone Lamandingo Knox" and "Antone Lamont Knox."

[2] We liberally construe Knox's pleadings because he proceeds pro se. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I

Knox was charged in state court with four counts in 1995. An Oklahoma jury found him guilty of possession of a firearm after a former felony conviction ("Count 4"). He then pled guilty before the same court to attempted robbery with a firearm after a former felony conviction ("Count 1") and pointing a firearm at another after a former felony conviction ("Count 3"). He filed a direct appeal of Count 4 only, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed.

While his direct appeal was pending, Knox filed two motions for state post-conviction relief—one addressing his Count 1 and Count 3 guilty pleas and a second, filed a day later, covering his Count 4 conviction. The Oklahoma district court denied his application regarding Count 1 and Count 3 in early 1998, but never ruled on his petition regarding Count 4.

More than a decade later, Knox filed a second application for state post-conviction relief, which was denied as out of time. He then sought relief in federal court, filing the present § 2254 habeas petition in November 2010. The government filed a motion to dismiss, contending Knox's § 2254 petition was untimely. Concluding Knox's petition was time-barred by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), the district court granted the government's motion and dismissed Knox's petition.

## II

A petitioner may not appeal the denial of habeas relief under § 2254 without a

COA. 28 U.S.C. § 2253(c)(1)(A). To obtain a COA, Knox must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2254] petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted). When the district court's ruling is based on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The district court correctly ruled that that Knox's § 2254 petition is time-barred.

**A**

AEDPA imposes a one-year time limit on federal habeas petitions filed by state prisoners, which begins when a conviction becomes final by: (1) the conclusion of direct review; or (2) the expiration of the time for seeking direct review. See § 2244(d)(1)(A).

Because Knox did not appeal his guilty plea convictions, but instead pursued state post-conviction relief, those convictions became final on July 11, 1997, ten days after the guilty plea. See Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007) (citing Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals). Knox did appeal his jury trial conviction, which became final January 7, 1999, ninety days after the OCCA affirmed on October 9, 1998. See 28 U.S.C. § 2101(c).

Without tolling, the limitations period for Knox's guilty plea convictions expired

- 3 -

on July 11, 1998, and for his jury trial conviction on January 7, 2000.  Therefore, without tolling, his § 2254 petition is time-barred.

**B**

And Knox is not entitled to AEDPA statutory tolling.  Although the one-year statute of limitations is tolled while a defendant's application for post-conviction relief is "pending" in state court, that tolling period applies only to a "properly filed application" for post-conviction relief.  § 2244(d)(2).  A motion for post-conviction relief is properly filed under § 2244(d)(2) when it complies with state filing requirements.  Habteselassie v. Novak, 209 F.3d 1208, 1210 (10th Cir. 2000).  "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be pending, but not properly filed."  Artuz v. Bennett, 531 U.S. 4, 9 (2000).

Knox's 1997 petitions for state post-conviction relief were not properly filed.  "Once an appeal has been perfected in [the OCCA], the trial court has no authority in the case until [the OCCA's] mandate has issued, restoring jurisdiction in the trial court."  Crider v. State ex rel. Dist. Court of Okla. Cnty., 29 P.3d 577, 578 (Okla. Crim. App. 2001).[3]  Knox perfected his appeal on October 2, 1997.  He filed his applications for post-conviction relief on October 28 and 29, 1997.  The state district court had no jurisdiction to entertain these motions; they were therefore not "properly filed."

---

[3] Crider refers to the case, not individual claims.  Thus the district court lost jurisdiction over all counts of Knox's conviction once his appeal on Count 4 was perfected.

- 4 -

**III**

No reasonable jurist could dispute the district court's determination that Knox's § 2254 petition is time-barred. We therefore **DENY** his application for COA. We also **DENY** Knox's "Extreme Emergency Motion for Sanctions," which challenges conduct unrelated to this appeal. All other pending motions are **DENIED**.

Knox has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," see DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), so we **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge