**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANTONE LAMANDINGO KNOX,

    Petitioner - Appellant,

v.

ANITA TRAMMELL, Warden,

    Respondent - Appellee.

No. 15-6074
(D.C. No. 5:14-CV-00353-W)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Petitioner Antone Lamandingo Knox, a state prisoner proceeding pro se,

seeks a certificate of appealability (COA) to appeal the district court's denial of his

Fed. R. Civ. P. 60(b) motion.  His motion sought relief from a year-old district court

order dismissing Knox's previously-filed Rule 60(b) motion.  We deny the

application for a COA and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

Knox pleaded guilty in 1995 to attempted robbery with a firearm after former conviction of two or more felonies, pointing a firearm at another after former conviction of two or more felonies, and possession of a firearm after former conviction of two or more felonies. He has filed numerous § 2254 petitions challenging his conviction, all of which were dismissed. *See Knox v. Workman*, 425 F. App'x 781, 783-84 (10th Cir. 2011) (affirming the dismissal of his petition as time-barred); *Knox v. Trammell*, No. CIV-12-1393-W, 2013 WL 1908313, at *1 (W.D. Okla. May 7, 2013) (dismissing for lack of jurisdiction because petition was an unauthorized second or successive petition); *Knox v. Trammell*, No. CIV-13-925-W, 2013 WL 5460826, at *1 (W.D. Okla. Sept. 30, 2013) (dismissing for lack of jurisdiction because petition was another unauthorized second or successive petition), appeal dismissed, No. 13-6229 (10th Cir. Dec. 27, 2013).

On April 10, 2014, Knox filed an "Ex Parte Motion for [Rule] 60(b)(1) Thru (6) [Relief]." R. at 4. The district court construed this filing as another unauthorized second or successive § 2254 petition challenging his conviction. "A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the circuit] court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized second or successive application, the district court has the option to transfer the application to this court if a transfer is in the interest of justice or dismiss it for lack of jurisdiction. *See id*. at 1252. The district court determined it was not in

2

the interest of justice to transfer Knox's filing to this court for authorization, clearly explaining that the claims Knox sought to raise were not based on either a new rule of constitutional law or on any newly discovered evidence, as is required to file a second or successive petition, *see* 28 U.S.C. § 2244(b)(2). Thus, it dismissed the matter for lack of jurisdiction on May 14, 2014.

Knox did not file a timely appeal from the May 2014 dismissal order. Instead he filed two motions on April 3, 2015. First, he filed a motion for transcripts, claiming he needed copies of all the transcripts, magistrate reports and recommendations, and court orders in all of his prior § 2254 proceedings so that he could seek authorization from the Tenth Circuit to file a second or successive § 2254 petition. Second, he filed a Rule 60(b) motion, ostensibly filed "in support of" his motion for transcripts. R. at 65. In the latter motion, Knox sought relief from the May 2014 dismissal order under Rule 60(b)(6). He argued that he had raised constitutional claims in his April 2014 motion that would satisfy the authorization requirements and, thus, the district court should have transferred his 2014 filing to the Tenth Circuit in the interest of justice.

The district court denied both motions in a single order. It denied Knox's transcript motion because the dockets in Knox's previous § 2254 proceedings showed Knox had been mailed copies of all the papers, pleadings and orders in each. It denied his Rule 60(b) motion, reaffirming its decision that it was not in the interest of justice to transfer the matter to the Tenth Circuit. The district court denied Knox's request to proceed in forma pauperis and denied him a COA to appeal.

3

## II. DISCUSSION

Knox's COA application continues to assert arguments relating to the district court's May 2014 order and judgment of dismissal. We lack jurisdiction to review that order, however, because Knox did not file a timely notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). Judgment was entered on May 5, 2014, and Knox did not file his notice of appeal until April 15, 2015. *See* Fed. R. App. P. 4(a)(1)(A) (providing that any notice of appeal in a civil case must be filed within thirty days of entry of judgment). Knox's Rule 60(b) motion did not toll the applicable thirty-day period because that motion was not filed within twenty-eight days of entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

A COA is required for Knox to appeal the denial of his April 2015 Rule 60(b) motion because that motion, in substance and effect, reasserted the same grounds for relief from Knox's underlying conviction as he raised in his April 2014 filing. *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). We will issue a COA only if Knox has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). We deny a COA because reasonable jurists would not debate the correctness of the district court's ruling. The COA application is frivolous.[1]

---

[1] It is unclear from Knox's garbled COA application if he also seeks to appeal the denial of his motion for transcripts. To the extent he is seeking to appeal that ruling, we conclude a COA is not required because the ruling on that motion did not

(continued)

Knox has filed a motion for sanctions, in which he asks this court to sanction the Respondent for matters related to his prison mail and other prison conditions. We have reviewed the motion and deny it.

We deny Knox's request for a COA and his motion for sanctions and dismiss the appeal. Appellant's motion to proceed in forma pauperis is denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

dispose of the merits of Knox's § 2254 habeas petition. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (holding COA not required to exercise appellate jurisdiction to review a district court's final order that does not dispose of the merits of the habeas petition). We have reviewed the motion and conclude the district court did not abuse its discretion in denying Knox's request for the transcripts, papers, pleadings and orders in all of his § 2254 proceedings.